## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Morris J. Warren, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:18cv601 (LMB/MSN) |
| | ) | |
| United States Parole Commission, et al., | ) | |
|     Respondents. | ) | |

<u>MEMORANDUM OPINION</u>

Morris J. Warren ("Warren" or "petitioner"), a federal inmate proceeding <u>pro se</u>, has filed

a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, arguing that his rights under

the Eighth and Fourteenth Amendments were violated when the United States Parole

Commission ("USPC") declined to release him on parole in 2017. The matter is before the Court

on a Motion for Summary Judgment filed jointly by respondents USPC; J. Ray Ormond, the

Warden of FCC Petersburg, petitioner's current place of confinement; and Mark Bolster, FCC

Petersburg's Associate Warden. Petitioner has responded to the motion. For the reasons that

follow, the motion will be granted.

### I. Background

Warren is presently serving a 15-year-to-life sentence in federal custody for multiple

convictions entered in D.C. Superior Court. On October 18, 2017, the USPC considered Warren

for parole and, as it had done in several earlier reviews, declined to release him after finding it

reasonably probable that he would not obey the law if released and that his release likely would

endanger public safety. The decision was based on Warren's commission of his current offenses

while on parole for prior crimes of robbery and assault, his separate Maryland conviction for

murder, and his refusal to participate in sex offender treatment. Resp. Ex. 3, Notice of Action 11/9/2017. In his petition, Warren seeks immediate release on the grounds that the USPC violated his constitutional rights and exceeded its authority in denying him parole. Specifically, Warren argues that the USPC erred by considering that he committed his current offenses while on parole for previous offenses, on the ground that the parole regulations do not list "instant offenses" as a basis for denying parole. He also contends that the USPC failed to consider his culpability in the crimes for which he was convicted, his institutional achievements, and administrative responses from the Federal Bureau of Prisons ("BOP") regarding his psychological evaluations and sex offender treatment.

Warren initially filed this petition in the United States District Court for the District of Columbia. The petition was transferred to this court in May 2018, and respondents filed the Motion for Summary Judgment and supporting memorandum now under consideration on July 23, 2018. [Dkt. Nos. 9 - 10] Petitioner submitted his opposition on August 14, 2018 [Dkt. No. 12],[1] and respondents filed a reply memorandum on August 20, 2018. [Dkt. No. 13] On September 5, 2018, Warren submitted a Traverse Response to the Respondents' Memorandum of So Call Law [Dkt. No. 15]; on September 13, 2018, respondents moved to strike the Traverse Response [Dkt. No. 17], and their motion will be granted for reasons to be discussed below.[2]

---

[1]Warren included eight "grounds of law" in his opposition which collectively set out three arguments. First is a claim that he was wrongly convicted and sentenced in the underlying criminal prosecution (Grounds I, VII). Warren also argues that the USPC wrongfully denied him parole in 2017 (Grounds III-VI), and lastly he contends that the USPC violated the Constitution and exceeded its authority by releasing his codefendant on parole while continuing to deny him parole (Ground II). None of these contentions has merit.

[2]On July 5, 2018, Warren filed a pleading that initially was docketed as an Amended Petition. [Dkt. No. 7] Because that document raised new and different claims concerning the lawfulness of

## II. Standards of Review

A. <u>Fed. R. Civ. P. 56</u>

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of showing that there are no genuine, material factual disputes and that it is entitled to judgment based on those facts. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the movant has met its initial burden, the burden shifts to the non-moving party to point out the specific facts which create disputed issues. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Matsushita Electrical Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). Summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational factfinder to rule for the non-moving party. <u>Matsushita</u>, 475 U.S. at 587.

B. <u>Judicial Review of USPC Decisions</u>

"[J]udicial review of parole decisions is extremely limited." <u>Harris v. Stansberry</u>, No. 1:10cv1337, 2012 WL 27437, at *4 (E.D. Va. Jan. 4, 2012) (Cacheris, J.). Because "the Parole Act specifically commits the decision to grant or deny parole to the unreviewable discretion of the Parole Commission," <u>Garcia v. Neagle</u>, 660 F.2d 983, 988 (4th Cir. 1981), a USPC "parole determination is only reviewable if the Commission 'exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations' when reaching its determination." <u>Harris</u>, 2012 WL 27437, at *4 (quoting <u>Garcia</u>, 660 F.2d at 988).

---

his incarceration unrelated to denial of parole, the Clerk was directed to remove the Amended Petition from the docket of this case and to file it as a new civil action. [Dkt. No. 11]

### III. Undisputed Material Facts[3]

Uncontested evidence supplied by respondents establishes the following pertinent facts. Warren is presently serving an aggregate sentence of 15 years to life for his convictions of kidnapping while armed, two counts of kidnapping, two counts of rape, and one count of assault to commit sodomy. Resp. Ex. 2 at 1 - 2. The D.C. Court of Appeals affirmed all of the convictions. See Warren v. United States, 515 A.2d 208, 209 (D.C. 1986) (per curiam). When Warren committed those offenses, he was on parole from an earlier Youth Corrections Act sentence for robbery and assault convictions. Resp. Ex. 2 at 2. In addition, Warren was convicted in the Circuit Court for Calvert County, Maryland of first-degree murder, assault with intent to murder, attempted robbery with a deadly weapon, and use of a handgun during the commission of a crime of violence. See Warren v. State, 350 A.2d 173, 175 (Md. Ct. Spec. App. 1976) (affirming all convictions). A sentence of life imprisonment was imposed in Maryland, and a detainer has been filed to which he would be turned over if paroled from the D.C. sentence he is currently serving. Resp. Ex. 2 at 3; see Warren v. U.S. Parole Comm'n, 145 F. App'x 715, 716 (3d Cir. 2005) (per curiam).

On May 2, 1995 the D.C. Board of Parole held an initial parole hearing for Warren and issued a notice of action to deny him parole. Resp. Ex. 3 at 1. The USPC issued notices of denial on eleven additional occasions between 2000 and 2014, the most recent issuing on November 9, 2017. Id. In the latest notice of action, which is the only one under consideration

---

[3]Warren submitted a timely Opposition to the Motion for Summary Judgment on August 14, 2018. [Dkt. No. 12] Despite its caption, this document fails to respond in any meaningful way to the facts and arguments set out in respondents' summary judgment motion. Instead, it reiterates arguments Warren made in the initial petition and includes new allegations and claims that even if considered would not establish any violation by the USPC.

here,[4] the USPC explained that although Warren's institutional record since his last hearing was "0," which generally would indicate that parole should be granted, it concluded that "a departure from the guidelines ... is found warranted because the Commission finds there is a reasonable probability that [Warren] would not obey the law if released and [his] release would endanger the public safety." Id. The USPC provided three reasons for departing from the guidelines: (1) Warren was on parole for robbery and assault when he committed the rape, sodomy and kidnapping offenses involving three different victims, which resulted in his current incarceration; (2) he engaged in violent criminal conduct involving murder in Maryland; and (3) he had refused to participate in sex offender treatment despite being convicted of multiple sex-related offenses. Id.[5]

## IV. Analysis

A. Eighth Amendment Violation

It takes little discussion to conclude that Warren has not been subjected to cruel and unusual punishment in violation of the Eighth Amendment by being denied parole. The Eighth

---

[4] Warren has filed numerous federal habeas petitions in the Middle District of Pennsylvania, the District of Columbia, and the Eastern District of Virginia challenging the USPC's decisions denying him parole. All have been dismissed. To the extent that Warren may intend to challenge any of those prior parole decisions in this proceeding, see Pet. at 7, his claims either were or could have been raised in those earlier habeas actions, and the doctrine of abuse of the writ precludes their reconsideration here. See Warren v. Bledsoe, No. 3:08-cv-1657, 2009 WL 4823872, at *2 (M.D. Pa. Nov. 19, 2009) (dismissing Warren's petition as an abuse of the writ).

[5] Warren contends that, although the USPC and the BOP instructed him to participate in sex offender treatment, the BOP "never acted" to provide him with such a treatment opportunity. Opp. at 8. Warren's argument fails to create a genuine issue of fact regarding the propriety of the USPC's consideration of this factor in its decision to deny him parole release, because the record supplied by respondents demonstrates that Warren was offered several opportunities to participate in both residential and non-residential treatment programs. Resp. Ex. 6 ¶¶ 6-7; Resp. Ex. 3 at 13, 14, 16; Resp. Ex. 4 at 2.

Amendment prohibits the imposition of punishment that is grossly disproportionate to the severity of the crime. Harmelin v. Michigan, 501 U.S. 957, 995 (1991). It has been held repeatedly that because parole proceedings occur after the conclusion of a criminal prosecution, a denial of discretionary parole does not constitute punishment and cannot violate the Eighth Amendment. See, e.g., Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir. 1992) ("Denial of parole under a statute dictating discretion in parole determination does not constitute cruel and unusual punishment."); Patterson v. Kaine, No. 3:08cv490, 2010 WL 883807, at *6 (E.D. Va. Mar. 11, 2010) ("Requiring Plaintiffs to serve the unexpired portion of their sentences does not constitute cruel and unusual punishment."); Franklin v. Reilly, No. 1:08cv82, 2009 WL 86550, at *3-4 (N.D.W.Va. Jan. 9, 2009) (same). Because Warren is serving the unexpired portion of the sentence imposed on him following his convictions in the D.C. Superior Court, the USPC's denial of discretionary parole did not violate the Eighth Amendment. Warren v. Winn, No. 1:15cv935, 2016 WL 1367166, at *4 (E.D. Va. Apr. 5, 2016) (Cacheris, J.).

   B. Due Process Violation

   Warren's argument that the USPC violated his Fourteenth Amendment right to due process by denying him discretionary parole also is unavailing. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). The D.C. parole statute and regulations provide only that the USPC in its discretion may authorize a prisoner's release on parole when certain prerequisites are met; there is no requirement that it must do so. D.C. Code § 24-404(a). Accordingly, the D.C. parole statute does not create a liberty interest in parole. Ellis v. District of Columbia, 84 F.3d 1413, 1420 (D.C. Cir. 1996). Without

6

such a cognizable liberty interest, a D.C. prisoner cannot challenge a decision to deny him parole release on due process grounds. See Tigrett v. Rector, 290 F.3d 620, 628 (4th Cir. 2002) ("In order to properly maintain a due process claim, a plaintiff must have been, in fact, deprived of a constitutionally protected liberty or property interest."); Blair-Bey v. Quick, 151 F.3d 1036, 1047 (D.C. Cir. 1998) (D.C. parole statue does not create any liberty interest entitling a prisoner to due process protections).

Warren's argument that the 1987 guidelines do not allow the USPC to consider that his "instant offenses" were committed while on parole for other crimes does not alter this result. Section 24-404 of the D.C. Code authorizes the USPC to exercise its discretion in making parole decisions and does not dictate what factors the USPC may or may not consider. The parole regulations in turn allow the USPC to waive a parole candidate's salient factor score and relevant pre- and post-incarceration factors in unusual circumstances, so long as such a decision is explained in writing by reference to the specific mitigating or aggravating factors. Resp. Ex. 1, §§ 204.1, 204.22. The USPC complied with that requirement in Warren's case. Resp. Ex. 3 at 16. Contrary to Warren's argument, "the 1987 Guidelines did not diminish the broad discretion to deny parole afforded to the [USPC] under section 24-[4]04(a) of the D.C. Code." Bailey v. Fulwood, 793 F.3d 127, 132 (D.C. Cir. 2015). There can be no serious dispute that the USPC's consideration of Warren being on parole for robbery and assault when he committed the instant offenses of rape, kidnapping and sodomy was an appropriate exercise of its discretion to determine whether there was "a reasonable probability that [Warren] would not obey the law if released and [his] release would endanger the public safety." In addition, that factor, along with the USPC's two additional reasons for denying Warren parole - namely, his Maryland murder

7

conviction and his refusal to participate in sex offender treatment - clearly constitute "unusual circumstances" for which the USPC may depart from the guidelines. Resp. Ex. 1, § 204.22.

Warren's second argument, that the USPC must confine itself to considering only the "Rehearing Guidelines" factors set out at Appendix 2-2 and may not consider those found at Appendix 2-1 in determining whether to depart from the guidelines, fares no better. To the contrary, as discussed above, the D.C. parole statute grants the USPC broad discretion to deny parole. D.C. Code § 24-404(a). In addition, numerous courts have rejected the same argument Warren makes here, and have held that "the factors set forth in Appendix 2-1 apply to rehearings." Cole v. Fulwood, 879 F.Supp.2d 60, 67-68 (D.D.C. 2012); see Holt v. U.S. Parole Comm'n, No. 2:15cv529, 2016 WL 7646366, at *6 (E.D. Va. Nov. 21, 2016) (departure from guidelines upon rehearing warranted based on the Appendix 2-1 factor of unusual cruelty), report and recommendation adopted, 2017 WL 57133 (E.D. Va. Jan. 4, 2017); Ford v. Massarone, 208 F.Supp 3d 91, 106 (D.D.C. 2016) ("Nothing in the #1987 Regulations prevents the [USPC] from considering plaintiff's criminal history..."), aff'd in part and rev'd in part, 902 F.3d 309 (D.C. Cir. 2018).

Warren's third argument regarding the denial of his right to due process also fails. His contention that the USPC did not take into account certain supposedly mitigating factors and circumstances is nothing more than a request that the Court disregard the very narrow scope of judicial review of USPC decisions and reweigh the substance and merits of the USPC's decision. To do so would violate the settled principle that a parole decision is committed to the absolute,

unreviewable discretion of the USPC. Garcia, 660 F.2d at 988.[6]

To the extent that Warren argues in his Opposition that the decision to deny him parole release should be overturned because his codefendant was granted such release, his claim is not properly before the Court. It is well established in this circuit that a party may not amend his complaint or petition in a reply to either a motion to dismiss or a motion for summary judgment. See, e.g., S. Walk at Broadlands Homeowners' Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184-85 (4th Cir. 2013). Warren made no claim regarding disparity with his codefendant in his initial petition; therefore, his attempt to raise this issue for the first time in his Opposition to respondents' summary judgment motion is improper and will not be considered.

## C. Warren's Traverse

After respondents filed their reply to Warren's Opposition to the Motion for Summary Judgment, he submitted a pleading captioned as a "Traverse Response" to the reply. [Dkt. No. 15] In legal effect this document amounts to a sur-reply for which Warren failed to seek leave of court, and respondents have moved to strike it. [Dkt. No. 17]

A court has the discretion to allow a sur-reply where a party brings forth new material or deploys new arguments in a reply brief. See, e.g., Lewis v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.D.C. 2001). Generally, courts allow a party to file a sur-reply only when fairness dictates based on new arguments raised in the previous reply. United States v. Falice, No. 1:04CV878, 2006 WL 2488391, at *7 (M.D.N.C. Aug. 25, 2006); Khoury v. Meserve, 268 F.Supp.2d 600, 605-06 (D. Md. 2003), aff'd, 85 F. App'x 960 (4th Cir. 2004). None of the factors which would

---

[6]In addition to these claims, Warren argues that he was wrongly convicted in the D.C. Superior Court for the underlying charges. That claim is meritless. These convictions have been affirmed on appeal, Warren, 515 A.2d at 209, and the time for a collateral attack has long passed.

warrant allowance of a sur-reply is present here.

Moreover, as respondents point out in their Motion to Strike, Warren's argument in his sur-reply is directed not at the USPC's 2017 decision to deny him parole release, which is the sole decision at issue in this proceeding, but rather at a 2011 decision by the USPC to rescind his presumptive parole date. Warren has already unsuccessfully litigated the propriety of that decision in another court. See Warren v. Recktenwald, No. 3:12cv2059 (M.D. Pa. Oct. 15, 2012) (dismissing petition challenging the 2011 parole decision), appeal dismissed sub nom. Warren v. Warden, No. 14-1394 (3d Cir. Aug. 26, 2014) (denying certificate of appealability). Under these circumstances, respondent's Motion to Strike Warrens' attempt to relitigate the 2011 decision in his unauthorized sur-reply is well taken, and will be granted.

Also pending on the docket is Warren's Motion Requesting a Docketing Statement. [Dkt. No. 16] Because Warren was supplied with a copy of the current docket on October 12, 2018 [Dkt. No. 19], the Motion will be denied as moot.

## V. Conclusion

For the foregoing reasons, respondents' Motion for Summary Judgment will be granted, and the petition will be dismissed with prejudice. Respondents' Motion to Strike petitioner's sur-reply will also be granted, and Warren's Traverse Response to Respondents' Memorandum of So Call Law will be stricken. Petitioner's Motion Requesting a Docketing Statement will be denied as moot. An appropriate Order shall issue with this Memorandum Opinion.

Entered this __8th__ day of __November__ 2018.

Alexandria, Virginia

10

_/s/_ _____
Leonie M. Brinkema
United States District Judge

/s/
Leonie M. Brinkema
United States District Judge